**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| KEITH WILLIAMS, | No. 84567-5-I |
| Appellant, | |
| v. | DIVISION ONE |
| CUSTODIAN OF PUBLIC RECORDS NC DEPARTMENT OF JUSTICE, | UNPUBLISHED OPINION |
| Defendant, | |
| MICROSOFT CORPORATION, | |
| Respondent. | |

MANN, J. — Keith Williams, proceeding pro se, appeals a trial court order granting in part and denying in part his motion to compel Microsoft Corporation to produce documents and comply with third party subpoenas. Williams argues that the trial court erred by considering Microsoft's untimely filed opposition to his motion to compel and accepting as a complete response Microsoft's declaration attesting that a reasonable search revealed no records as requested in the subpoena. We affirm.

I

This matter arises from an ongoing public records dispute between North Carolina resident Williams and the custodian of public records for the North Carolina Department of Justice (NCDOJ). On June 9, 2022, Williams filed a foreign subpoena in

King County Superior Court directing Microsoft to produce "non-content" e-mail logs for four NCDOJ e-mail accounts on specific dates in July 2017. The request stated that the "logs should specify; sender, recipient, date, and time." Microsoft objected to the subpoena arguing that the e-mail accounts, if they exist, are "owned and controlled by the customer" and that Williams's request should be directed to the account holders rather than to Microsoft. Counsel for Microsoft later conferred with Williams and explained that the e-mail accounts referenced in his subpoena are called "enterprise accounts," meaning that the customer can configure their services so that it was possible that Microsoft would have no responsive records. At that time, Microsoft had not yet searched for records responsive to Williams's subpoena.

Dissatisfied with this response, Williams moved ex parte to compel Microsoft to produce the information he sought. Counsel for Microsoft told Williams that Microsoft had completed its search for responsive records and found none. After Williams declined Microsoft's request to strike his motion to compel, Microsoft responded with a declaration from records custodian Carolina Bonilla González attesting that a reasonable search carried out under her direction revealed no records as requested in the subpoena. On July 21, 2022, a superior court commissioner denied Williams's motion without prejudice and directed that it be presented before the chief civil judge.

Williams then refiled his motion to compel and noted the motion for August 26 without oral argument. Microsoft refiled its opposition to the motion after the court closed on August 25, so it was accepted for filing at 9:00 a.m. on August 26—the day the motion was set to be heard. On the same day, Williams moved to strike Microsoft's

opposing brief as untimely under the local rules.  Williams did not respond substantively to Microsoft's arguments opposing his motion to compel.

On August 30, 2022, the trial court substantially denied Williams's requests for relief.  In so ruling, the court considered and reviewed Microsoft's untimely filed opposition to Williams's motion.  The court ruled that the declaration of Microsoft's records custodian failed to comply with GR 13 because it did not include the city and state where it was executed, but that Microsoft had otherwise complied with the requirements of the subpoena.  In compliance with the court's order, Microsoft provided Williams with an updated declaration that fully complied with GR 13(a).  The trial court denied Williams's motion for reconsideration.

Williams appeals.

II

Williams argues that the trial court abused its discretion and violated his right to due process by accepting Microsoft's opposition to his motion to compel even though it was untimely filed under the local rules.  We disagree.

The trial court "has discretionary authority to manage its own affairs so as to achieve the orderly and expeditious disposition of cases."  Woodhead v. Discount Waterbeds, Inc., 78 Wn. App. 125, 129, 896 P.2d 66 (1995).  Whether to accept or reject an untimely filing lies within the trial court's discretion.  O'Neill v. Farmers Ins. Co. of Wash., 124 Wn. App. 516, 521, 125 P.3d 134 (2004).  A court abuses its discretion if its decision is based on untenable grounds or untenable reasons.  Coggle v. Snow, 56 Wn. App. 499, 507, 784 P.2d 554 (1990).  We will not reverse the trial court's ruling

based on an untimely filing absent a showing of prejudice. <u>Hanson Indus. Inc. v.</u> <u>Kutschkau</u>, 158 Wn. App. 278, 291, 239 P.3d 367 (2010).

Under King County Superior Court Local Civil Rule (KCLR) 7(b)(4)(D), "[a]ny party opposing a motion shall file and serve the original responsive papers in opposition to a motion, serve copies on parties, and deliver working copies to the hearing judge no later than 4:30 p.m. four judicial days before the date the motion is to be considered." KCLR 7(b)(4)(G) adds that "[a]ny material offered at a time later than required by this rule, and any reply material which is not in strict reply, will not be considered by the court over objection of counsel except upon the imposition of appropriate terms, unless the court orders otherwise."

Microsoft filed its opposition to Williams's motion to compel on the morning of the hearing, so it was untimely under KCLR 7(b)(4)(G). But Williams has not shown any resulting prejudice. Williams had notice of the substantive issues raised in Microsoft's opposition brief because it filed the same arguments in its opposition to Williams's first motion to compel, which had been erroneously filed in the ex parte department a few weeks earlier. Williams replied to Microsoft's response during the first round of briefing before the ex parte department. And Williams's opening brief on his refiled motion to compel addressed and disputed the substance of Microsoft's opposition. Given these circumstances, the trial court did not abuse its discretion in accepting Microsoft's untimely opposition brief.

Williams argues that KCLR 7(b)(4)(G) requires "strict" compliance for replying to a response, so he could not reply "unless the court orders otherwise." Because the court did not issue such an order before accepting Microsoft's untimely response and

denying his motion to compel, Williams contends that the trial court's decision to accept Microsoft's untimely response denied him an opportunity to reply. But in this context, the term "strict" simply means that the reply's scope is limited to matters placed in issue by the opposition brief. See 15A DOUGLAS J. ENDE, WASHINGTON PRACTICE: WASHINGTON HANDBOOK ON CIVIL PROCEDURE § 62.12 (2023 ed.). Here, the trial court held the motion open for four days after Microsoft filed its opposition brief before issuing its ruling. Nothing prevented Williams from replying during that period of time.

Williams also argues that the court erred in considering Microsoft's opposition brief because Microsoft failed to seek the court's permission to consider it. But nothing in the rules requires a party to move for leave to file a late brief. Nor do the rules restrict the trial court's discretion to consider an untimely brief without a motion.

III

Williams next argues that the trial court erred when it denied his motion to compel Microsoft to produce the records he requested in the subpoena. The trial court's ruling on a motion to compel is reviewed for an abuse of discretion. Lake Chelan Shores Homeowners Ass'n v. St. Paul Fire & Marine Ins. Co., 176 Wn. App. 168, 183, 313 P.3d 408 (2013).

If a party flouts discovery, CR 37(a)(2) permits the party seeking discovery to move to compel. CR 37(a)(3) provides that "an evasive or incomplete answer is to be treated as a failure to answer." Here, however, Microsoft's response was satisfied through the declarations it provided attesting that a reasonable search revealed no records as requested in the subpoena. Microsoft lacked responsive records, so there was nothing to compel.

5

Williams argues that the court erred in accepting the records custodians' declarations as its final response to his subpoena. He asserts that he did not agree to accept a declaration rather than the data he sought in his subpoena. But there is no authority for the proposition that a court abuses its discretion in denying a motion to compel unless the party seeking discovery agrees that the response is complete.

Williams insists that a proper search would have produced the noncontent data he seeks. He points to articles available on Microsoft's website which suggest that Microsoft sometimes possesses data for its enterprise customers and that an enterprise account holder could run an audit log to collect the data Williams sought. But as counsel for Microsoft previously explained to Williams, enterprise customers can configure their services so that it was possible that Microsoft would have no responsive records. The statements on Microsoft's website do not contradict the records custodians' declarations attesting that a search of the enterprise accounts targeted in Williams's subpoena yielded no records.

Williams also argues that the updated declaration Microsoft provided in compliance with the trial court's order was inadmissible hearsay. This is so, he contends, because the second declaration was provided by a different individual who did not conduct the search. But the second declarant specified that she had taken over responsibility for overseeing the collection of responsive documents because the first declarant had gone on leave, and she attested to the results of the original search. There is no reason to believe that this process undermined the reliability or accuracy of the search. See ER 803(a)(7) (absence of regularly kept business records is an exception to the rule against hearsay); 5 KARL B. TEGLAND, WASHINGTON PRACTICE:

6

EVIDENCE LAW AND PRACTICE § 803.41 (6th ed. 2016) (discussing procedure for establishing foundation requirements of business records).

Williams, relying on CR 52(a)(1), further argues that the trial court abused its discretion in failing to provide sufficient findings of fact to support its conclusions of law in regard to Microsoft's "evasive and incomplete [r]esponse and secondhand hearsay declaration." CR 52(a)(1) provides that "[i]n all actions tried upon the facts without a jury . . . the court shall find the facts specially and state separately its conclusions of law." But CR 52(a)(5) specifies that findings of fact and conclusions of law are generally not required for rulings on motions. Here, the court ruled on a motion to compel, not a matter tried to judgment. The court was not required to issue findings of fact or conclusions of law.

IV

Lastly, Williams argues the trial court erred by denying his motion for reconsideration. "Motions for reconsideration are addressed to the sound discretion of the trial court and a reviewing court will not reverse a trial court's ruling absent a showing of manifest abuse of discretion." Wilcox v. Lexington Eye Inst., 130 Wn. App. 234, 241, 122 P.3d 729 (2005).

In seeking reconsideration, Williams largely repeated the arguments he raised in support of his motion to compel. The trial court explained that it denied reconsideration given the absence of prejudice to Williams, the moving party. As discussed above, Williams fails to demonstrate any error in the trial court's order. Likewise, for reasons already detailed, Williams has failed to demonstrate that the trial court abused its discretion in denying reconsideration.

Affirmed.

_Mann, J._

WE CONCUR:

_Feldman, J._          _Díaz, J._